Claudio Adalberto FLORES, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 10–73703.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2013.*

Filed July 31, 2013.

Todd Becraft, Law Office of Todd Becraft, Los Angeles, CA, for Petitioner.

Oil, Gladys Marta Steffens Guzman, Esquire, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Claudio Adalberto Flores, a native and citizen of El Salvador, petitions for review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen removal proceedings held in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890–91 (9th Cir. 2002). We grant the petition and remand for further proceedings.

Substantial evidence does not support the IJ's findings that there was no evidence that Flores had been diagnosed with a mental health disorder or that his mental health problems prevented him from attending his hearing. The record indicates that Flores was diagnosed as psychotic but refused treatment and that he told his mother he did not have to attend his hearing. Because the IJ relied on unsupported findings in reaching the conclusion that Flores failed to establish "exceptional circumstances" excusing his failure to appear, *see* 8 U.S.C. § 1229a(b)(5)(C), we remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000) (stating that "exceptional circumstances" determination requires consideration of totality of circumstances and particularized facts presented in each case).

In light of our disposition, we do not address Flores' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.